JAMES H. DURGIN & another *vs.* FRANCES E. COLBURN
& others.

Essex.   January 10, 11, 1900. — May 17, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Limited Partnership — Liability as General Partners.*

If, in the case of a limited partnership, the certificate of renewal is made upon the theory that the continuation of the interest of the special partner in the assets of the expiring firm is a contribution to the capital of the new firm equal in amount to that originally contributed, and it appears that the capital has been substantially impaired by losses in business and no fresh capital is then contributed, the St. of 1887, c. 248, is not complied with, and all the members of the new firm are subject to the liabilities of general partners.

CONTRACT, to recover the balance due upon a promissory note for $3,000, signed by Colburn, Fuller, and Company.   The defendant, Frances E. Colburn, set up in her answer that, as special partner in the firm composed of George D. Colburn, Edward L. Fuller, and herself, she was not liable for the note or any part thereof.   Trial in the Superior Court without a jury, before *Fessenden*, J., who found for the plaintiffs in the sum of $459.65 with interest; and the defendant, Frances E. Colburn, alleged exceptions.   The plaintiffs, being aggrieved by the judge's refusal to give certain rulings, also alleged exceptions. The facts appear in the opinion.

*B. N. Johnson*, for Frances E. Colburn.

*B. B. Jones*, for the plaintiffs.

BARKER, J.   One of the questions raised is decisive of the case.   Upon the others we express no opinion.   When the partnership was renewed no contribution to its capital was made by the special partner, except that of continuing in the firm her interest in the assets of the expiring partnership.   This interest was then substantially less in value than her original contribution of $100,000 to the capital of the expiring firm, owing to the impairment of its capital by losses in its business, and without taking into account the amount paid out as interest on the special capital.   The certificate of renewal is to the

effect that the special partner had contributed the sum of $100,000 in cash to the original limited partnership, and that the sum so contributed is continued by her in the partnership as her contribution of capital upon the renewal. The defendants then believed that her interest in the partnership was of the value of $100,000, but the fact was otherwise, and the case contains no statement of any just ground for this belief.

Limited partnerships are creatures of the statutes. The present case is governed by St. 1887, c. 248, § 3, amending Pub. Sts. c. 75, § 7, by adding a new provision as to renewals.

Our first enactment as to limited partnerships, St. 1835, c. 48, required the actual cash payment of a specific sum, as capital, to the common stock by the special partner, and the making, acknowledgment, recording, and publication of a certificate, stating among other things " the amount of capital which each special partner has contributed to the common stock." St. 1835, c. 48, §§ 3, 4, 5. Upon every renewal a certificate thereof was to " be made and acknowledged, recorded and published," in the same manner provided for respecting the original formation of the partnership. St. 1835, c. 48, § 6. The provision made by the section last cited remained substantially unchanged until the enactment of St. 1887, c. 248, § 3. See Rev. Sts. c. 34, § 6 ; Gen. Sts. c. 55, § 6 ; Pub. Sts. c. 75, § 7. Up to that time it had never been considered in a case involving the obligations of a special partner in a renewed limited partnership, but had been mentioned merely in *Lancaster* v. *Choate*, 5 Allen, 530, 538.

The language of Pub. Sts. c. 75, § 7, was this : " Upon every renewal or continuation of a limited partnership beyond the time originally agreed upon for its termination, a certificate of such renewal or continuation shall be made, acknowledged, filed and published in like manner as herein provided for the certificate of its original formation." The statutes of Pennsylvania and of New York had a similar provision ; to which was added a declaration that every such partnership otherwise renewed or continued should be deemed a general partnership. Penn. St. 1835–36, No. 51, § 11 ; 1 N. Y. Rev. Sts. 765, § 11. The language of these two provisions is identical, and is this : " Every renewal or continuance of such partnership beyond the time originally fixed for its duration, shall be certified, acknowledged and re-

corded, and an affidavit of a general partner be made and filed, and notice given in the manner herein required for its original formation, and every such partnership which shall be otherwise renewed or continued shall be deemed a general partnership." In the year 1885 this provision had been held in Pennsylvania to require that when a limited partnership was renewed the special capital must be unimpaired. *Haddock* v. *Grinnell Manuf. Co.* 109 Penn. St. 372, 382. On the other hand, in March, 1886, a special term of the Supreme Court of New York, by a decision afterward sustained in effect by the Court of Appeals, had held that the fact that the special capital had been wholly lost at the time of the renewal did not make the renewed firm a general partnership. *Ropes* v. *Colgate*, 17 Abb. (N. Y.) 136. *Fifth Avenue Bank* v. *Colgate*, 120 N. Y. 381. Whether or not these contradictory constructions of a statute substantially like our own, then contained in Pub. Sts. c. 75, § 7, were known to the Legislature of 1887 when it amended our statute we are not informed. However this may have been, the amendment then added can have but one meaning. In saying, by St. 1887, c. 248, § 3, "No such renewal or continuation shall be made unless the capital contributed by the special partners is equal in amount or more than the aggregate capital the special partners originally contributed," the Legislature, by the words " equal in amount," meant equal in value as a resource or asset of the partnership. This is the most natural signification of the language of the amendment, which never would have been used to show that the original section was intended to allow a limited partnership to be renewed with a special capital impaired or lost, and without a fresh contribution.

Money originally contributed as capital of a firm and then lost in its business is not thereafter capital of that firm, and cannot be contributed as capital of a renewed firm. If the only contribution then made to special capital is the interest of the special partner in the old firm, depreciated in amount by a substantial impairment due to losses in business, it cannot be equal in amount to the original contribution.

The present case is not one in which the persons who made the certificate of renewal had good ground for believing that there had been no impairment of the original capital, and we do

not decide that if at the expiration of a limited partnership, the partners believed with good reason that the whole capital was intact, and so agreed to and certified a renewal upon that basis, the mere fact that it thereafter turned out that there had been an impairment not then ascertained or ascertainable would make the renewal contrary to the statute.

Here the certificate of renewal was made upon the theory that the continuation of the interest of the special partner in the assets of the expiring firm was a contribution to the capital of the new firm equal in amount to that originally contributed. But because the capital had been substantially impaired by losses in business, and no fresh capital was then contributed, the statute was not complied with, and all the members of the new firm are subject to the liabilities of general partners. St. 1887, c. 248, § 4.          *Judgment for the plaintiff on the finding.*